IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC., | CIVIL NO. 11-00720 JMS/BMK |
| | (Copyright Infringement) |
| Plaintiff, | |
| | MAGISTRATE JUDGE'S FINDINGS |
| vs. | AND RECOMMENDATION TO |
| | GRANT PLAINTIFF'S MOTION FOR |
| MACARTHUR & COMPANY INC., | ENTRY OF DEFAULT JUDGMENT |
| dba, MACARTHUR & COMPANY | AS TO DEFENDANT DREAM |
| SOTHEBY'S INTERNATIONAL | COMMUNICATIONS, INC. |
| REALTY, a Hawaii Corporation; | |
| DREAM COMMUNICATIONS INC., | |
| a California Corporation; GAYLE | |
| CHING; JOHN DOES 1-10; JANE | |
| DOES 1-10; DOE CORPORATIONS | |
| 1-10; DOE PARTNERSHIPS 1-10; and | |
| DOE ASSOCIATIONS 1-10, | |
| | |
| Defendants. | |

MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
JUDGMENT AS TO DEFENDANT DREAM COMMUNICATIONS, INC.

Plaintiff PACIFIC STOCK, INC.'s Motion for Entry of Default

Judgment as to Defendant Dream Communications, Inc. filed herein on June

20, 2012, [Doc. #17] having come on for hearing before the Court, the

Honorable Barry M. Kurren, Magistrate Judge presiding, with J. Stephen

Street appearing for the plaintiff and there being no appearance and no

written submission by or on behalf of the Defendant DREAM COMMUNICATIONS, INC., the Court, after full consideration of Plaintiff's motion and the entire record herein, makes the following Findings and Recommendation:

## FINDINGS OF FACT

1. This is an action for preliminary and permanent injunctive relief and damages against Defendant DREAM COMMUNICATIONS INC. (hereinafter "Defendant Dream Communications") for copyright infringements in willful violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq. and for violations of the Digital Millennium Copyright Act 17 U.S.C. §1202.

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district under 28 U.S.C. § 1400(a) and 28 U.S.C. §§ 1391(b) and 1391(c).

3. Plaintiff filed its Complaint herein on December 1, 2011.

4. Defendant Dream Communications was given a written request for waiver of service pursuant to the terms of Rule 4(d) FRCP together with a certified copy of the Complaint and Summons, but it failed to waive service.

5. Defendant Dream Communications was personally served on April 19, 2012, and the Proof of Service was filed as Doc. #13 in this action. Based upon the service date of April 19, 2012, its Answer to the Complaint was due on May 10, 2012.

6. Defendant Dream Communications has failed to appear or otherwise respond to Plaintiff's Complaint.

7. The Clerk of the Court entered a default against Defendant Dream Communications on May 17, 2012, Doc. # 14.

8. The photographic work at issue in this case was created by Doug Perrine, a photographer who is represented by Plaintiff Pacific Stock. The photographic work at issue was registered by Plaintiff Pacific Stock, as agent for claimant Doug Perrine, with the United States Copyright Office. By written assignment, Doug Perrine has assigned co-ownership of all rights, title and interest in the copyrights to Pacific Stock. The official registration number for the photographic work is VA 1-249-922, effective April 26, 2004.

9. Doug Perrine incurred substantial time and expense in creating the photographic work, and Pacific Stock has invested substantial time and expense in marketing the licensing of the photographic work.

10. In late 2010, Plaintiff learned that Defendants were using the photographic work on a website operated by Defendant Dream Communications: http://megadreamhomes.com ,

Page URLs:
    http://www.megadreamhomes.com/Home153811.html
    http://www.megadreamhomes.com/Home~id~153811~imageIndex~2.htm
    http://www.megadreamhomes.com/Home~id~153811~imageIndex~3.htm
    http://www.megadreamhomes.com/Home~id~153811~imageIndex~4.htm
    http://www.megadreamhomes.com/Home~id~153811~imageIndex~5.htm
    http://www.megadreamhomes.com/Home~id~153811~imageIndex~6.htm
    http://www.megadreamhomes.com/Home~id~153811~imageIndex~7.htm
    http://www.megadreamhomes.com/Home~id~153811~imageIndex~8.htm
    http://www.megadreamhomes.com/Agent8519.html

Image URLs:
    http://www.megadreamhomes.com/images/153/153811/153811_3_full.jpg
    http://www.megadreamhomes.com/images/photos4/8519.jpg

11. These uses were without obtaining license or consent from Plaintiff or Doug Perrine, thus violating the exclusive rights of the copyright owners to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 106.

12. Where Plaintiff's copyrighted works are legitimately available for licensing, they are associated with copyright management information. Defendants intentionally removed copyright management information from association with the photographic work at issue for their uses of that photographic work without the authority of Plaintiff or the law.  Because the pages on Defendant Dream Communication's website contained

multiple copies of the photographic work in question at high resolution without Plaintiff's copyright management information, Plaintiff has been injured in its ability to license the work. Compounding the injury, Defendant Dream Communications provided its own false copyright management information in association with its ongoing use of the work.

13. Plaintiff attempted to resolve the claim with Defendants for the ongoing use of the image in violation of Plaintiff's copyright. Although Defendant Dream Communications removed the image from several of the listing pages, it failed or refused to remove the image from the website at Image URL: http://www.megadreamhomes.com/images/photos4/8519.jpg, and from Page URL: http://www.megadreamhomes.com/Agent8519.html.

14. Defendants' ongoing infringing use of the image after notification necessitated legal action. Plaintiff and Defendants MacArthur and Ching have settled the claims against MacArthur and Ching, specifically reserving Plaintiff's claims against Defendant Dream Communications.

15. Defendant Dream Communications is doing business in the State of Hawaii, specifically by soliciting and advertising listings luxury properties for Hawai'i realtors.

16. Defendant Dream Communications has misappropriated Plaintiff's copyrighted photographic work and engaged in unauthorized use and copying of Plaintiff's photographic work. Defendant Dream Communications' acts constitute copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 et. seq.

17. Because Defendant Dream Communications continued to use the image for its own commercial purposes after it was given notice of the infringement, it has demonstrated willful infringement, which, unless restrained, may continue, causing irreparable damage to Plaintiff, for which Plaintiff has no adequate remedy of law.

18. Defendant Dream Communication's unlawful use of a copy of Plaintiff's original photographic work without license has diminished the value of the original photographic work by diluting the market and destroying the distinctiveness of the photographic work and its identity as being the exclusive property of Plaintiff.

19. Defendant Dream Communication's unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic work, thereby impairing the value and prejudicing the sale by Plaintiff of its own photographic work. Plaintiff is entitled to a temporary and permanent injunction restraining Defendant

Dream Communication from engaging in further acts of copyright infringement.

20. Defendant Dream Communications, by its unauthorized appropriation and use of Plaintiff's original photographic work, has been engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original photographic work.

21. As a direct and proximate result of Defendant Dream Communication's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages. Plaintiff is entitled to recover from Defendant Dream Communications the damages it has sustained as a result of these wrongful acts. Plaintiff is unable to ascertain the extent of the monetary damages it has suffered by reason of Defendant Dream Communication's acts of copyright infringement.

22. Plaintiff is further entitled to recover any gains, profits, or advantages Defendant Dream Communication has obtained as a result of its wrongful acts. Because Defendant Dream Communication has failed to answer, Plaintiff is unable to ascertain the full extent of the gains, profits, and advantages it has realized by its acts of copyright infringement

23. Plaintiff is entitled to and has elected to recover from Defendant Dream Communications statutory damages for its willful violations of Plaintiff's copyright. Plaintiff is further entitled to costs and reasonable attorneys' fees.

## CONCLUSIONS OF LAW

A. To the extent that the foregoing findings of fact are more properly conclusions of law, they shall be treated as such, and, to the extent that the following are more properly findings of fact, they shall be treated as such.

B. The Complaint alleges a claim for copyright infringement, in violation of the Copyright Act, 17 U.S.C. §*101 et seq*, and a claim for removal or alteration of copyright management information, and providing false copyright management information, in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 (a) and (b).

C. There are two elements to a claim for copyright infringement: a plaintiff must allege (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. Funky Films, Inc. v. Time Warner Entm't Co., L.P., 462 F.3d 1072, 1076 (9th Cir. 2006); Pacific Stock, Inc. v. Pearson Edu., Inc. 2012 U.S. Dist. LEXIS 3337 (U.S.D.C. HI, Jan. 11, 2012) Copy. L. Rep. (CCH) P30,186. Plaintiffs

have pled facts to establish the necessary elements of copyright infringement.

D. To establish the Digital Millennium Copyright Act violation, Plaintiff must establish that Defendant Dream Communications has committed acts prohibited in 17 U.S.C. §1202(a) or (b)

> § 1202. Integrity of copyright management information
>
> (a) False Copyright Management Information.—No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—
>
> (1) provide copyright management information that is false, or
>
> (2) distribute or import for distribution copyright management information that is false.
>
> (b) REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION. — No person shall without the authority of the copyright owner or the law —
>
> (1) intentionally remove or alter any copyright management information,

E. The DMCA provides for minimum statutory damages in the sum of not less than $2,500 or more than $25,000 as to each violation. Copyright management information includes the name of the author and title of the work. Plaintiffs have pled facts to establish the necessary elements of the Digital Millennium Copyright Act violation.

F. "With respect to the determination of liability and the default judgment

itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true." Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); *see* DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) *see also* Fed. R. Civ. P. 8(b)(6). The entry of default conclusively establishes the facts as to liability, but not damages. *See* Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). While the court may conduct a hearing to determine damages, *see* Fed. R. Civ. P. 55(b)(2), the court can rely on evidence submitted by Plaintiffs Fed. R. Civ. P. 55(b)(2); see Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

G. As a general rule, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

H. In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006) (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). *See also* Parr v. Club Peggy, Inc., Civ. No. 11-00505 JMS-BMK, 2012 U.S. Dist. LEXIS 24785 (USDC HI 2012).

I. The Eitel factors favor Plaintiff: (1) Defendant's failure to file an answer in this action prejudices Plaintiff's ability to obtain a prompt and efficient resolution; (2) Plaintiffs have demonstrated that Defendant has violated Plaintiff's copyrights and has violated the DMCA. (3) Plaintiff's complaint sufficiently sets forth the elements to support the claims under the Copyright Act and the DMCA; and (4) the amount of money at stake relative to the cost of continued litigation makes the matter appropriate for default judgment.

J. Two of the seven factors are neutral because Defendants have not appeared in this action: (1) the possibility of a dispute concerning material facts, and (2) whether the default was due to excusable neglect, however, any possible argument as to excusable neglect is implausible, given the extended period of time that Defendant has failed to appear in the case. Although the last factor, the strong policy favoring decisions on the merits, favors denial of the motion, on balance, the record strongly favors granting the default judgment.

DAMAGES

## Statutory Damages for Willful Copyright Infringement

K. Pursuant to 17 U.S.C. § 504(c), "A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits." Columbia Pictures Indus., Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001) (citation omitted). Plaintiff is entitled to an award of damages of no less than $750.00 per work and, for a willful infringement, no more than $150,000.00 per work for Defendants' violation of the Copyright Act. 17 U.S.C. § 504(c)(1) and (2).

L. In determining the amount of statutory damages, district courts will generally consider the following: (1) the savings to the defendants and profits reaped by the defendants as a result of the infringement; (2) revenue lost by the plaintiff; (3) the deterrent value of the award; and (4) the defendant's state of mind, *i.e.* whether the infringement was wilful or innocent. *See Cross Key Pub. Co., Inc., v. Wee Inc.,* 921 F. Supp. 479 (W.D. Mich. 1995) (considering infringer's refusal to obtain license; continued violation of copyright despite warning; and amount operator would owe under proper license); *Cass Country Music Co. v. C.H.L.R., Inc.,* 896 F. Supp. 904 (E.D. Ark. 1995) (considering the amount of money the defendant saved, the amount the plaintiff lost, and the defendant's

state of mind); *Polygram Intern. Pub., Inc. v. Nevada/TGI, Inc.,* 855 F. Supp. 1314 (D. Mass. 1994)(citing deterrence as an additional factor). Thus, while a plaintiff need not prove actual damages in order to receive statutory damages, statutory damages should bear some relationship to actual damages. *Fitzgerald Pub. Co. v. Baylor Pub. Co.,* 670 F. Supp. 1133 (E.D.N.Y. 1987).

M. In the instant case, the savings to Dream Communications and the amount lost by Pacific Stock are the amount that Dream Communications would have had to pay Pacific Stock to license its photographs. The license fees for the uses of the image in question would have totaled $7,505.00, as detailed in the Declaration of Barbara Brundage, Pacific Stock's President (plus $353.64 in State of Hawaii general excise tax, for a total of $7,858.64). Pacific Stock determined its loss by calculating the license fee for each use of the image at the website for the term in years of its use.

N. In Warner Bros. Entertainment v. Caridi, 346 F. Supp. 2d 1068 (C.D. Ca. 2004), the plaintiff sought enhanced statutory damages after an entry of default judgment against defendants who had engaged in unauthorized copying and distribution of two movie "screeners" the plaintiff had loaned them for award consideration. Id. at 1069-71. The federal district court noted that, "[b]ecause of the entry of default, the allegations in [the plaintiff's] Complaint must be taken as true. Thus, since [the plaintiff]

13

alleged willful infringement, the Court must take [the plaintiff's] allegation of willful infringement as true." Id. at 1074.  In that case, the plaintiff sought statutory damages under 17 U.S.C. § 504(c)(2) for a sum of not more than $150,000.00 per work.  Id.  The court found that the egregiousness of the conduct in that case was compounded by the defendants' failure to proffer any defense, and warranted an award of enhanced statutory damages of $150,000.00 per work.  Id.

O. Because of Defendant Dream Communication's default, Plaintiff's allegations of willful infringement should be taken as true.  Additionally, as in Warner Bros., the Defendants' conduct was clearly egregious. Here, Defendant Dream Communications is a publisher of an on-line magazine listing residential real estate with a minimum value of ten million dollars.  As such, Dream Communications should be familiar with copyright laws and the cavalier disregard for those laws in continuing to use the image at its commercial websites after it originally received notice of the infringement is particularly egregious.  The deterrent purpose of statutory damages is important here to discourage future acts of scofflaw.  Moreover, as in Warner Bros., the egregious conduct was compounded by Defendants' failure to bother to proffer any defense to Plaintiff's Complaint.

P. Although Plaintiff is entitled to seek $150,000.00 per work for Defendant's willful infringement of the image in this case, Plaintiff asks that the Court award it statutory damages under 17 U.S.C. § 504(c)(1) for the willful copyright infringement in the amount of no less than $35,000 representing enhanced damages that are a multiple of standard licensing fees.

Statutory Damages for DMCA Violation

Q. Additionally, pursuant to 17 U.S.C. § 1203(c), Plaintiff is entitled to an award of damages of no less than $2,500.00 for each violation of 17 U.S.C. § 1202 and no more than $25,000.00 for each violation, See 17 U.S.C. § 1203(c)(3)(B).

R. Based upon the entry of default, Plaintiff's allegations of Defendants' removal of copyright management information and placing false copyright information on the image at Defendant Dream Communication's website should be taken as true. See Warner Bros., 346 F. Supp. 2d at 1071. Although Plaintiff may seek up to $25,000 for each violation 17 U.S.C. § 1202, Plaintiff seeks no less than $10,000 for the DMCA violation.

Attorneys' Fees and Costs

S. Pursuant to 17 U.S.C. § 505, entitled "Remedies for infringement: Costs

and attorney's fees," and 17 U.S.C. § 1203, entitled "Civil Remedies," the Court in its discretion may allow the recovery of full costs and reasonable attorneys' fees to the prevailing party.

T. Reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See Fisher v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9h Cir. 1975), which have not been subsumed in the lodestar calculation. See Fisher, 214 F.3d a 1119 (citation omitted).

U. The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been included in the lodestar determination.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fisher, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

V. Plaintiff requests the following lodestar amount for attorney's fees it incurred in this case as detailed in the attached Declaration of Counsel:

|  | Hours | Rate/Hour | Amount |
|---|---|---|---|
| J. STEPHEN STREET | 18.8 | $ 300.00 | $ 5,640.00 |

Additionally, Plaintiff seeks to recover the Hawaii General Excise Tax related to those fees in the amount of $265.75.

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9h Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  Although attorneys are required to provide evidence that the rate

charged is reasonable, *See* <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987), this Court is aware of the prevailing rates in the community, having had the opportunity to review fee requests of many attorneys.

In considering the Declaration of Counsel and the breakdown of fees sought, under the standards discussed above, the Court has determined that the appropriate award of attorneys fees and tax in this matter is Five Thousand Nine Hundred and Five Dollars and Seventy-Five Cents ($5,905.75) and costs of suit in the amount of Five Hundred Eighty-Three Dollars and Forty-Five Cents ($583.45).

<u>RECOMMENDATION</u>

Based upon the foregoing findings of fact and conclusions of law, it is hereby recommended that Default Judgment be entered in Plaintiff's favor and against Defendant Dream Communications, Inc. and that Defendant pay to Plaintiff $45,000 in statutory damages, $5,905.75 in attorney's fees, and costs in the amount of $583.45.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 10, 2012



/s/ Barry M. Kurren
United States Magistrate Judge